```
 1  Theo Hanson
    1628 W. Warren Blvd
 2  Chicago IL  60612
    312  401-7781
 3  Defendant pro se
```

FILED

14 FEB 14 PM 2:24

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA



DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEO HANSON, both as an individual, and derivately as a shareholder of United Green Industries, Inc., <br>    Plaintiff, <br><br>vs. <br><br>(1) MARK HANSON, individually and as Director of Heartland Coalition, Inc; <br>(2) HEARTLAND COALITION, INC. a California Non-Profit Corporation; <br>(3) ALAN CASSELL, individually; <br>(4) CHRIS KLEBER, individually; <br>(5) JAMES P. GORMICAN, individually <br>(6) ROCK WEST COMPOSITES, INC., a California For-Profit Corporation; <br>    Defendants. <br><br>-and- <br><br>UNITED GREEN INDUSTRIES, INC., a California For-Profit Corporation; <br>    Nominal Defendant. | PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES, RESTRAINING ORDER AND INJUNCTIVE RELIEF <br><br>CASE NO: **14 CV 0356 MMA BGS** <br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES, RESTRAINING ORDER AND INJUNCTIVE RELIEF

Plaintiff Theo Hanson files his Original Complaint against the above named defendants and for causes of action states as follows:

### NATURE OF ACTION

1.  This complaint is brought to obtain monetary and equitable relief on behalf of Theo Hanson. In a nutshell, Mark Hanson stripped the corporate assets of the defendant

1

corporation by selling the corporate assets without the corporate authority to do so. Mark Hanson and the remaining defendants schemed together to steal the personal property of the plaintiff Theo Hanson and to fraudulently waste and deplete the assets of the nominal defendant, USGI, Inc. so as to devalue the plaintiff Theo Hanson and other investor's of their substantial investment of funds in the subject corporation. In addition, defendants have stolen the personal property of the plaintiff Theo Hanson and have converted said property to their own use.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this court pursuant to both diversity and federal question jurisdiction. 28 U.S.C. §§ 1332 and 1331. This is a civil case in which the district courts of the United States have original jurisdiction pursuant to 28 U.S.C. §1332 as this action is between citizens or entities of different states and plaintiff seeks recovery from the defendants in an amount in excess of the jurisdictional minimum. Plaintiff Theo Hanson is a citizen of the State of Illinois. None of the named individual or corporate defendants is domiciled or is incorporated in or has a principal place of business in the State of Illinois. The amount in controversy, exclusive of interest and costs, exceeds the diversity minimal sum of $75,000.00. Venue lies properly in this district pursuant to 28 U.S.C. § 1391 because the defendants transact business in this district and the cause of action arose in this district.

## PARTIES

3. Plaintiff is an adult individual whose address is 1628 W. Warren Blvd Chicago IL 60612.

4. Defendant Mark Hanson is sued as an individual and in his alleged capacity as director of both the Heartland Coalition, Inc. and the Nominal Defendant, United Green Industries, Inc. He may be served at 1235 Shafter St., San Diego CA 92106, at 1236 Pioneer Way, El Cajon CA 92020, or wherever he may be found.

5. Defendant Heartland Coalition, Inc. is a non-profit corporation organized under the laws of the State of California with a principal place of business in the Southern District of California. Heartland Coalition, Inc. may be served by serving its registered agent, Mark Hanson, at 1235 Shafter St., San Diego CA 92106.

6. The Nominal Defendant United Green Industries, Inc., is a for-profit corporation organized under the laws of the State of California with a principal place of business in the Southern District of California. Heartland Coalition, Inc. may be served by serving its registered agent, Mark Hanson, at 1235 Shafter St., San Diego CA 92106 at 1236 Pioneer Way, El Cajon CA 92020, or wherever he may be found.

7. Defendant Alan Cassell is sued as an individual and in his alleged capacity as director and officer of both the Heartland Coalition, Inc. and the Nominal Defendant, United Green Industries, Inc. He may be served at 1235 Shafter St., San Diego CA 92106, at 1236 Pioneer Way, El Cajon CA 92020, or wherever he may be found.

8. Defendant Chris Kleber is sued as an individual. He may be served 1315 Ynez Pl, Coronado, CA 92118, or wherever he may be found.

9. Defendant James P. Gormican. is sued as an individual and in his alleged capacity as director and/or officer of both the Heartland Coalition, Inc. and the Nominal Defendant, United Green Industries, Inc. He may be served at 1235 Shafter St., San Diego CA 92106, at 1236 Pioneer Way, El Cajon CA 92020, or wherever he may be found. .

10. Defendant Rock West Composites, Inc. is a corporation organized under the laws of the State of California, with a principal place of business in the Southern District of California. Rock West Composites, Inc. can be served with process by serving its registered agent, James P. Gormican at 8666 Commerce Avenue, San Diego CA 92121.

## JOINDER

11. Defendants are properly joined because a right to relief is asserted against the parties jointly, severally, and in the alternative with respect to the same transaction, occurrence, or series of transactions or occurrences.

12. Defendants are properly joined because of questions of fact that will arise that are common to all defendants.

13. At all times herein mentioned, defendants, and each of them, were the parent companies, subsidiary companies, agents and/or employees of the remaining defendants, and were acting within the course and scope of such parent/subsidiary relationship, agency and/or employment.

## FACTUAL ALLEGATIONS

14. At all relevant times, the plaintiff Theo Hanson ["good" Hanson] has owned 25% of the stock and ownership of the United Green Industries, Inc., a domestic for-profit California corporation.

15. The remaining principal equity shareholders in the corporation (i.e., United Green) are Mark Hanson[1] (25%) and Alan Cassell (25%).

16. The defendant Mark Hanson[2] is the chairman of the defendant Heartland Coalition, Inc., purportedly a California non-profit corporation pursuant to IRS Code § 101c(3).

---

[1] Mark Hanson is not related to Theo Hanson.

[2] With no intentional adverse allusion to their character, but solely to avoid confusion of the parties because of their identical last names, the defendant Mark Hanson will variously be referred to as "bad" Hanson and the plaintiff Theo Hanson will be referred to as "good" Hanson.

4

17. The defendant James P. Gormican is the principal of defendant Rock West Composites, Inc., a California domestic for-profit corporation.

18. In addition to his equity investment in United Green Industries, Inc., the plaintiff Theo Hanson owns various items of personal property valued at more than $15,000.00 that is located in the offices of defendant United Green Industries, Inc.

19. On January 16, 2014, bad Hanson proposed an attempted sale of the assets of United Green Industries, Inc. to the defendant Rock West Composites, Inc. and James P. Gormican. The proposed sale was not commercially reasonable in that it proposed to sell assets valued at more than $500,000.00 to Rock West for a mere $30,000.00. The proposed sale was immediately rejected by all of the remaining directors and shareholders. Plaintiff Theo Hanson ["good" Hanson] submitted a written letter of objection and protest of the proposed sale. This was sent to the remaining directors and to the proposed buyers. James P. Gormican (and correspondingly, Rock West Composites, Inc.) were immediately notified of this rejected offer.

20. On January 24, 2014, undaunted by the rejection of his proposal and the submission of the formal letter of protest, bad Hanson unilaterally determined to sell the same assets to another buyer (defendants Alan Cassell and Chris Kleber) for the same price. The sale to Cassell and Kleber was accomplished when defendants Cassell, Kleber, and Mark Hanson ("bad" Hanson) knew, and each of them knew that bad Hanson did not have the corporate authority to entertain the same offer that had already been rejected.

21. On January 27, 2014, bad Hanson curiously entered into a second sale of the same property and assets to the defendants James P. Gormican and Rock West Composites, Inc., for essentially the same price and under the same terms as the proposed offer that had been previously rejected. Again, James Gormican (and by implication, Rock West Composites, Inc.)

knew that bad Hanson did not have the corporate authority to entertain the same offer that had already been rejected, but they went ahead with the sale anyway.

22. After bad Hanson had notified good Hanson of the sale, bad Hanson locked the doors to the company's business offices, stole the plaintiff's personal property, and threatened to steal the rest of the plaintiff's personal property in the locked up premises if the plaintiff was not out of the building before the new buyer moved in on Sunday, February 16, 2014.

23. Plaintiff Theo Hanson was never presented with any valid notice ordering him to vacate the subject premises.

## FIRST CAUSE OF ACTION

## ACTION FOR TORTIOUS FRAUD AND DECEIT

24. Plaintiff incorporates by reference the allegations made throughout this complaint as if set forth herein.

25. As alleged herein, defendants made several misrepresentations to the plaintiff with regard to important facts. The representations made by the defendants were false.

26. Defendants knew that these representations were false when made, or the representations were made with reckless disregard for the truth.

27. Defendants intended that plaintiff rely on these representations and plaintiff reasonably did so.

28. As a result of plaintiff's reliance and misplaced trust in the defendants, the plaintiff was damaged as herein described.

29. In committing the wrongful acts alleged herein, defendants acted with malice, oppression and fraud. Defendants' willful conduct warrants an award of exemplary damages in an amount sufficient to punish the wrongful conduct and deter such misconduct in the future.

## SECOND CAUSE OF ACTION

**ACTION FOR VIOLATIONS OF THE FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) (18 U.S.C. § 1961 et seq)**

30. Plaintiff incorporates by reference the allegations made throughout this complaint as if set forth herein.

31. Defendants are persons within the meaning of 18 U.S.C. § 1961(3), and conducted and participated, both directly and indirectly, in the conduct of the affairs of said enterprise through a pattern of racketeering activity in violation of 18 U.S.C.A. § 1692(c).

32. The predicate acts which constitute this pattern of racketeering activity were part of a scheme to swindle the plaintiff and others similarly situated by stealing and selling property that was not theirs to sell or buy. To execute this scheme, the defendants used the United States Postal Service, caused items to be delivered by commercial interstate carrier, and used said services to distribute notices that were false, misleading, and contrary to law that were ultimately designed to compel plaintiff to part with large sums of money for worthless property and services for the profit of the enterprise. Defendants also transmitted and received messages by wire, including but not limited to telephone and internet communications. These acts constitute a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5).

33. By reason of the defendants' violations, the plaintiff is entitled, pursuant to 18 U.S.C. § 1964(c), to treble damages and costs of suit.

## THIRD CAUSE OF ACTION
## CONVERSION

34. Plaintiff incorporates by reference all of the allegations included in this petition, whether expressly stated in this cause of action or not, as if the same were fully set forth herein.

35. The plaintiff was legally entitled to and did possess the disputed sums that were stolen from him through deceit and trickery and the defendants unlawfully and without authorization converted that property to their own use.

36. The plaintiff has demanded the return of the stolen funds and the defendants have refused to return any amount of those funds.

37. As a result of the actions above described, the plaintiff has suffered monetary damages.

38. Additionally, because the actions and misconduct of the defendants were done with an intentional and fraudulent intent and purpose, the plaintiff requests judgment for exemplary and punitive damages to punish the defendants as a societal deterrent to such intentional and malicious dishonest misconduct.

## REQUEST FOR INJUNCTIVE AND DECLARATORY RELIEF

39. Injunctive and declaratory relief is warranted in order to compel the defendants to return the property that was stolen from the defendants, to compel the defendants to cease and desist their efforts to evict the plaintiff Theo Hanson from his business, and to cancel the putative sale of the assets of United Green Industries, Inc. that was accomplished without corporate authority and was wholly *ultra vires.*

## DAMAGES

46. As a direct and proximate result of defendant's actions as described herein, plaintiff has suffered and continues to suffer injuries entitling him to damages in amounts that exceed the jurisdictional minimums of this Court and are to be proven at trial.

## JURY TRIAL

47. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE plaintiff respectfully prays this Court:

(a) To enter an order declaring the defendants; practices and policies to be illegal and enjoining the further retention and sale of the marketing and a sale of the subject telecommunication services until such time as the defendants repair their deficiencies as herein described;

(b) to enter judgment in favor of the plaintiff for damages, including statutory damages, general damages, consequential damages, incidental damages, and punitive damages;

(c) To enter judgment for attorney fees and costs of suit against he defendant named herein, and for such other and further relief which the Court deems just and equitable.

*[signature]*

Theo Hanson
1628 W. Warren Blvd
Chicago IL 60612
Plaintiff